William M. Fischbach (AZ Bar #019769)
Amy D. Sells (AZ Bar #024157)
**TB TIFFANY & BOSCO** P.A.
SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4229
TELEPHONE: (602) 255-6036
FACSIMILE: (602) 253-0103
Email: wmf@tblaw.com; ads@tblaw.com

Jack McInnes (KS Bar #21898/MO Bar #56904)
(pro hac vice forthcoming)
MCINNES LAW LLC
1900 WEST 75TH STREET, SUITE 220
PRAIRIE VILLAGE, KS 66208
TELEPHONE: (913) 220-2488
FACSIMILE: (913) 273-1671
Email: jack@mcinnes-law.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA PRESCOTT DIVISION

| | |
|---|---|
| Michael Larson, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br>vs.<br><br>Desert Sun Pizza, LLC, NSFM Pizza, Inc. and NSFM Pizza Utah, LLC,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT** |

Plaintiff Michael Larson, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

**Parties**

1. Defendants Desert Sun Pizza LLC, NSFM Pizza, INC and NSFM Pizza Utah, LLC are commonly owned and operated entities which together operate a total of

1

1    approximately 28 Domino's franchise stores in Arizona, Utah, Wyoming, Nevada and
2    California during times relevant.

3     2. Defendants employ delivery drivers who use their own automobiles to
4   deliver pizzas and other food items to their customers. Instead of reimbursing delivery
5   drivers for the reasonably approximate costs of the business use of their automobiles,
6   Defendants use a flawed method to determine reimbursement rates that provides such an
7   unreasonably low rate beneath any reasonable approximation of the expenses they incur
8   that the drivers' unreimbursed expenses cause their wages to fall below the federal and
9   Arizona minimum wages during some or all workweeks.

10    3. Further, purporting to pay delivery drivers split wages, *i.e.*, paying them a
11  tip credit rate for time they spend performing tip-producing activities, and minimum
12  wage for time they spend performing non-tip-producing activities, Defendants regularly
13  delivery drivers the tip credit rate for times they spent performing non-tip-producing
14  activities such as sanitizing their handbags and washing their hands before clocking in.

15    4. Plaintiff Michael Larson brings this lawsuit as a collective action under the
16  Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class action under
17  the Arizona Employment Practices and Working Conditions law ("AEPWCL"), A.R.S.
18  § 23-201 *et seq.*, to recover unpaid minimum wages owed to himself and all similarly
19  situated delivery drivers employed by Defendants at their Domino's stores.

## Jurisdiction and Venue

21    5. The FLSA authorizes court actions by private parties to recover damages
22  for violation of wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is
23  based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

24    6. The AEPWCL authorizes court actions by private parties to recover
25  damages for violation of their wage and hour provision. Jurisdiction over Plaintiff's
26  AEPWCL claims is based on A.R.S. § 23-364(H) and 28 U.S.C. § 1367 (pendent claims).

27    7. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants
28  operate Domino's franchise stores in this District, Defendants employ Plaintiff in this

2

District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

8. Defendants Desert Sun Pizza LLC, NSFM Pizza, INC. and NSFM Pizza Utah, LLC are related Utah limited liability companies which, during times relevant, operated Domino's franchise stores within the District of Arizona.

9. Defendants are jointly and severally liable for the conduct alleged herein as Defendants constitute joint employers because they share the power to hire and fire employees, the power to supervise and control employee work schedules or conditions of employment, authority to determine the rates and methods of payment, and maintenance of employment records.

10. Alternatively, Defendants are jointly and severally liable for the conduct alleged herein as Defendants form a single integrated enterprise because they share common ownership, common management, centralized control of labor relations and interrelation of operations.

11. Plaintiff Michael Larson has been employed by Defendants since approximately May 2012 as a delivery driver at their Domino's store in Bullhead City, Arizona, which is located within the Prescott Division of the District of Arizona. Plaintiff Larson's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

**General Allegations**

*Defendants' Business*

12. During the recovery period, Defendants have owned and operated approximately 28 Domino's franchise stores in Arizona, Utah, Wyoming, Nevada and California.

13. Each of Defendants' stores employs delivery drivers (hereinafter collectively "Delivery Drivers.").

14. Defendants' Delivery Drivers have the same primary job duty of delivering pizzas and other food items to Defendants' customers using their personal automobiles.

### *Defendants' Flawed Reimbursement Policy*

15. Defendants require their Delivery Drivers to maintain and pay for safe, legally operable, and insured[1] automobiles when delivering pizza and other food items.

16. They incur costs for gasoline, automobile parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

17. Defendants' Delivery Driver reimbursement policy reimburses Delivery Drivers on a per-delivery basis that results in a per-mile reimbursement far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate an automobile. This policy applies to all of Defendants' Delivery Drivers.

18. The result of Defendants' Delivery Driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their Delivery Drivers' automobile expenses.

19. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile. These figures represent a reasonable approximation of the average cost of owning and operating an automobile for use in delivering pizzas.

20. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' Delivery Drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating

---

[1] Drivers are required to purchase commercial automobile insurance, which is more expensive than personal insurance, or pay for accidents and damage to their vehicles out of their own pockets.

an automobile described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

21. Defendants' reimbursement policy does not reimburse the Delivery Drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their automobile, and thus Defendants uniformly fail to reimburse their Delivery Drivers at any reasonable approximation of the cost of owning and operating their automobiles for Defendants' benefit.

22. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other Delivery Drivers are not paid free and clear of all outstanding obligations to Defendants.

23. Defendants fail to reasonably approximate the amount of their Delivery Drivers' automobile expenses to such an extent that their Delivery Drivers' net wages are diminished beneath the federal minimum wage and diminished even further below Arizona's minimum wage.

24. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of Delivery Drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

25. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and Arizona minimum wages.

26. Plaintiff Larson is currently paid $12.00 per hour in store and $9.00 per hour on the road by Defendants.

27. The federal minimum wage has been $7.25 per hour since July 24, 2009. 29 U.S.C. § 206(a).

5

28. Arizona's full minimum hourly wage was $10.00 in 2017, was $10.50 in 2018, was $11.00 in 2019, and has been $12.00 since January 1, 2020. A.R.S. § 23-363(A).

29. Arizona's tipped minimum wage was $7.00 in 2017, was $7.50 in 2018, $8.00 in 2019, and has been $9.00 since January 1, 2020. A.R.S. § 23-363(A), (C).

30. Plaintiff Larson drives a 2014 Jeep Compass while delivering pizzas for Defendants. He estimates driving approximately 25,000 miles per year in this automobile.

31. During the recovery period, the per-delivery reimbursement rate at the store where Plaintiff Larson has worked has been approximately $1.40 for the first delivery in a trip, $1.00 for the second delivery in a trip, and $0.60 for the third delivery in a trip, which equates to an overall reimbursement rate of approximately $1.20 per delivery.

32. During his employment with Defendants, Plaintiff Larson has experienced an average delivery distance of at least 6.5 miles per delivery.

33. Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiff Larson has been approximately $.185 per mile ($1.20 per delivery / 6.5 average miles per delivery).

34. During the recovery period, the IRS business mileage reimbursement rate averaged $.56 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas. Using the IRS rate as a reasonable approximation of Plaintiff Larson's automobile expenses, every mile driven on the job decreased his net wages by approximately $.375 ($.56 - $.185) per mile. Considering Plaintiff Larson's estimate of at least 6.5 miles per delivery, Defendants have under-reimbursed him about $2.44 per delivery ($.375 x 6.5 miles).

35. During his employment by Defendants as a Delivery Driver, Plaintiff Larson has typically averaged approximately 2.1 deliveries per hour.

36. Thus, Plaintiff Larson has consistently "kicked back" to Defendants

$5.12 per hour ($2.44 per delivery x 2.1 deliveries per hour), for a current effective hourly wage rate of about $3.88 ($9.00 per hour - $5.12 per hour kickback).

37. Further, despite only receiving an effective hourly wage rate of about $3.88 per hour, Plaintiff Larson is liable for federal and state income taxes on the entire $9.00 per hour, thus further reducing his effective income. Plaintiff Larson estimates that he was required to pay federal and state income taxes on an estimated $5,000 of unearned income in 2019 due to his unreimbursed automobile expenses.

38. All of Defendants' Delivery Drivers had similar experiences to those of Plaintiff Larson. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid the federal and Arizona minimum wage before deducting unreimbursed business expenses.

39. Because Defendants paid their Delivery Drivers a gross hourly wage very close to the applicable federal or state minimum wage, and because the Delivery Drivers incurred unreimbursed automobile expenses, the Delivery Drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

40. While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all Delivery Drivers at all of their other Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

### *Defendants' Clock-Punch Policy*

41. Defendants also require their Delivery Drivers to perform non-tipped work such as sanitizing their handbags and washing their hands while clocked in as "on the road," thus paying them a tipped wage for performing work from which they will not receive tips in violation of both the law and agreement.

42. During the recovery period, Plaintiff Larson has performed work like this while clocked in as "on the road" approximately 120 minutes per week.

43. On information and belief, all of Defendants' Delivery Drivers had similar experiences to Plaintiff Larson.

### *Defendants' Past Litigation Regarding the Same Violations*

44. Plaintiff filed an almost identical lawsuit against Defendants in this District in 2016. *See Michael Larson, et al. v. Desert Sun Pizza, LLC, et al.*, Case No. 3:16-cv-08011-SRB (D. Ariz. filed Jan. 25, 2016).

45. After nearly a year of litigation, the parties agreed to settle the case for $175,000 paid out to the named plaintiff and 53 opt-in plaintiffs. The Court approved the settlement on January 5, 2017. *See* Order granting approval of proposed settlement, *id.* at Doc. 63.

46. Defendants failed to change any of their wage and hour practices following this prior litigation, and instead continue to violate Arizona and federal laws. Defendants' repeated violations of Arizona and federal laws demonstrates a clear pattern and practice of willful wage and hour violations.

### *Overall Result*

47. The net effect of these policies is that Defendants willfully fail to pay the federal and Arizona minimum wage to their Delivery Drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

### **Class and Collective Action Allegations**

48. Plaintiff brings Count I as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All current and former Delivery Drivers employed by Defendants in the State of Arizona since the date three (3) years preceding the filing of this Complaint.

49. Count I, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

8

50. Plaintiff's state law claim asserted in Count I satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

51. The Class sought in Count I satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

52. Questions of fact and law common to the Class sought in Count I predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a. Whether they have worked as Delivery Drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. Whether they have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Whether Defendants required them to maintain these automobiles in a safe, legally operable, and insured condition;

d. Whether they incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. Whether they were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Whether they were subject to the same pay policies and practices of Defendants;

g. Whether they were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the state minimum wage in some or all workweeks;

h. Whether they were reimbursed similar set amounts of automobile expenses per mile;

       i. Whether the deduction of unreimbursed business expenses resulted in wages below the state minimum wage in some or all workweeks; and

       j. Whether they were paid the tipped wage rate for performing non-tip-producing activities.

53. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

54. Plaintiff's claim is typical of those of the Class sought in Count I in that:

       a. Plaintiff and the Class have worked as Delivery Drivers for Defendants delivering pizza and other food items to Defendants' customers;

       b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

       c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally operable, and insured condition;

       d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

       e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

       f. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

       g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the state minimum wage in some or all workweeks;

       h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per mile; and

        i. Plaintiffs and the Class were all paid the tipped wage rate for performing non-tip-producing activities.

55. Plaintiff is an adequate representative of the Class sought in Count I because he is a member of that Class and his interest does not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class sought in Count I will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

56. Maintenance of the claim asserted in Count I as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

57. It would be impracticable and undesirable for each member of the Class sought in Count I who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of the Class.

58. Plaintiff brings Count II as "opt-in" collective action claims on behalf of similarly situated Delivery Drivers pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

59. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

60. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-

in may be ascertained from Defendants' records, and potential plaintiffs may be notified of the pendency of this action via mail.

61. Plaintiff and all of Defendants' Delivery Drivers are similarly situated in that:

    a. They have worked as Delivery Drivers for Defendants delivering pizza and other food items to Defendants' customers;

    b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

    c. Defendants required them to maintain these automobiles in a safe, legally operable, and insured condition;

    d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

    e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. They were subject to the same pay policies and practices of Defendants;

    g. They were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h. They were reimbursed similar set amounts of automobile expenses per mile;

    i. Their employer's deduction of unreimbursed business expenses resulted in wages below the federal minimum wage in some or all workweeks; and

    j. They were paid the tipped wage rate for performing non-tip-producing activities.

### COUNT I: Violation of the AEPWCL by Failing to Reasonably Reimburse Automobile Expenses

62. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the AEPWCL, A.R.S. § 23-201 *et seq*.

63. No exemption to the AEPWCL applies to Plaintiff or the Class.

64. Arizona law regulates, among other things, the payment of minimum wage by employers who employ any person in Arizona. A.R.S. § 23-363.

65. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of Arizona law. A.R.S. § 23-362(B).

66. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of Arizona law. A.R.S. § 23-362(A).

67. Under A.R.S. § 23-363, employees have been entitled to be compensated, with or without a tip credit, at a rate of at least $10.00 per hour in 2017, at least $10.50 per hour in 2018, and at least $11.00 per hour since January 1, 2019. A.R.S. § 23-363(A).

68. As alleged herein, Defendants have failed to pay Delivery Drivers Arizona's minimum wage after deduction of unreimbursed automobile expenses incurred in performing their jobs for Defendant.

69. Further, Defendants have required their Delivery Drivers to perform non-tip-producing work while they were clocked as "on the road" and receiving tips.

70. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate Delivery Drivers at Arizona's minimum wage.

71. Defendants, pursuant to their policy and practice, violated Arizona law by refusing and failing to pay Arizona's minimum wage to Plaintiff and other similarly situated employees.

72. Because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful, Plaintiff and all similarly situated

13

employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus a period of time encompassing all violations that occurred as part of a continuing course of employer conduct regardless of the date. A.R.S. § 23-364(H).

73. Plaintiff and all similarly situated employees are entitled to additional damages equal to two times the difference between the minimum wage and actual wages received within the three years preceding the filing of this Complaint, plus a period of time encompassing all violations that occurred as part of a continuing course of employer conduct regardless of the date. A.R.S.§§ 23-364(G) & (H).

74. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate. *Id*.

75. Defendants are also liable for Plaintiff's costs and attorney's fees incurred in this action. *Id*.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### COUNT II: Violation of the FLSA by Failing to Reasonably Reimburse Automobile Expenses

76. Plaintiff reasserts and re-alleges the allegations set forth above.

77. At all relevant times herein, Plaintiff and all other similarly situated Delivery Drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

78. FLSA, 29 U.S.C. § 213 exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated Delivery Drivers.

79. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

80. Defendants are subject to the FLSA's minimum wage requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

81. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id*.

82. As alleged herein, Defendants have reimbursed Delivery Drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

83. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate Delivery Drivers at the federal minimum wage.

84. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

85. They further violated the FLSA by improperly paying Plaintiff and other similarly situated employees the tipped wage rate for performing non-tip-producing activities.

86. Plaintiff and all similarly situated Delivery Drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Delivery Driver employees in Defendants' stores.

87. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins

15

this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

88. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith and with reasonable grounds to believe their actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

89. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated Delivery Drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED this 29th day of May, 2020.

TB TIFFANY & BOSCO
P.A.

By: */s/ William Fischbach*
William Fischbach
AZ Bar # 019769
2525 East Camelback Road
Phoenix, AZ 85016-9240

Telephone: (602) 255-6036
Fax: (602) 255-0103
wmf@tblaw.com

**MCINNES LAW LLC**

By: /s/ Jack McInnes
Jack D. McInnes
(*pro hac vice* forthcoming)
1900 West 75th Street, Suite 220
Prairie Village, KS 66208
Telephone: (913) 220-2488
Fax: (913) 273-1671
jack@mcinnes-law.com